NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUANITA L. CROSS,

        Plaintiff-Appellant,

  v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

        Defendant-Appellee.

No.    23-35096

D.C. No. 3:22-cv-05205-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Sarah Kate Vaughan, Magistrate Judge, Presiding

Argued and Submitted December 4, 2023
Seattle, Washington

Before:  N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Claimant Juanita L. Cross appeals the district court's decision affirming the

Commissioner of the Social Security Administration's denial of her application for

supplemental security income under Title XVI of the Social Security Act.  Cross

alleges disability due to a history of seizure activity, polycystic ovarian syndrome

("PCOS"), major depressive disorder, bipolar disorder, post-traumatic stress

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

disorder, and personality disorder in the context of stimulant-use disorder, alcohol-use disorder, and cannabis-use disorder. The administrative law judge ("ALJ") determined that Cross has the residual functional capacity to perform jobs that exist in significant numbers in the national economy and therefore denied social security benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

1.      Cross argues that the ALJ erred by failing to reopen prior claims denied in 2017 and 2018 in order to consider Dr. Kimberly Wheeler's December 2017 medical opinion. Under the Social Security Act, an ALJ's denial of a request to reopen a prior determination or decision is not a final decision subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1403(a)(5) ("Denial of a request to reopen a determination or a decision" is "not subject to judicial review."). The ALJ's decision not to reopen Cross's prior denied claims—which she did not appeal at the time—is therefore not reviewable on appeal.

Cross's contention that the ALJ never considered Dr. Wheeler's opinion is belied by the record. In his review, the ALJ indicated that the agency had already considered Dr. Wheeler's opinion as part of an administratively final prior denial. Moreover, the ALJ noted that "[e]vidence from the previously determined periods *was admitted* for historical understanding and so an informed decision about

---

[1] Cross also challenges the validity of the Social Security Administration's 2017 medical-evidence regulations. We address that claim in a separate published opinion filed concurrently with this memorandum disposition.

2

reopening could be made." The ALJ's consideration and ultimate rejection of Dr. Wheeler's opinion, to the extent we can review such a determination, is supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

2.      Substantial evidence also supports the partial weight given by the ALJ to Dr. Loreli Thompson's opinion. The ALJ found Dr. Thompson's opinion "somewhat persuasive" but noted under the supportability factor that she did not quantify the degree of Cross's limitations in her medical opinion. *See* 20 C.F.R. § 416.920c(c)(1). Moreover, Dr. Thompson added in her report that the limited quantified results "must be viewed with caution." The ALJ found that the doctor's apparent "variable and questionable test results" could be due to Cross's past trauma and drug use or because, as Dr. Thompson noted, Cross did "not want[] to be present" and "g[a]ve up quickly" in testing. The ALJ also found significant inconsistencies between Dr. Thompson's opinion and the medical records. The ALJ's explanation for discounting Dr. Thompson's opinion in part is supported by substantial evidence. *Woods*, 32 F.4th at 792.

3.      Cross also contends that the ALJ erred in failing to find that her PCOS was a severe impairment, causing him to disregard associated limitations. The

3

step-two inquiry requires that the ALJ "consider the combined effect of all of the claimant's impairments on her ability to function." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Cross progressed beyond step two because the ALJ found that Cross had severe impairments based on the totality of her conditions. At oral argument, Cross's counsel conceded that the administrative record did not demonstrate any significant workplace limitations caused by the PCOS over the adjudicated period, instead asking the Court to infer such limitations from her repeated emergency room visits. Cross's medical record, however, fails to provide sufficient evidence of functional limitations due to the non-severe PCOS impairment that would have altered the ALJ's analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005).

4.     Next, Cross asserts that the ALJ improperly rejected her testimony that supports a disability finding. Rejection of a claimant's testimony requires clear and convincing reasons. *Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. 2014). The ALJ provided such reasons for rejecting some of Cross's inconsistent symptom reports, including discrepancies as to whether she experienced seizures, her need for daytime sleep, her ability to drive, her ability to travel, and her reported daily activities. The ALJ thus provided clear and convincing bases to doubt that Cross's impairments were as limiting as she alleged.

4

5. Finally, substantial evidence supports the ALJ's residual functional capacity and step-five findings, which included all credible limitations. An ALJ is required to consider the effects of a claimant's symptoms on her ability to work. 20 C.F.R. § 416.929. The ALJ concluded that Cross possesses the residual functional capacity to conduct work with simple and routine tasks, away from the public, without climbing or exposure to hazards, and with set responsibilities. The ALJ found that Cross was unable to perform any past relevant work based on her limitations. Relying on testimony from a vocational expert, the ALJ then properly concluded that Cross could make a successful adjustment to other work in several jobs that exists in significant numbers in the national economy, and that she was not disabled under the Social Security Act.

**AFFIRMED**.